IVY T. NGO (CA State Bar No. 249860)
ngoi@fdazar.com
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, CO 80014
Telephone:     (303) 757-3300
Facsimile:     (720) 213-5131

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LEE, AN INDIVIDUAL AND WYOMING RESIDENT, STACY SMEDLEY, AN INDIVIDUAL AND COLORADO RESIDENT, AND FREDRICK DAVIS, AN INDIVIDUAL AND COLORADO RESIDENT,<br><br>                   Plaintiffs,<br><br>vs.<br><br>GOOGLE, INC., AND ALPHABET, INC.,<br><br>                   Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION<br><br>**DEMAND FOR JURY TRIAL** |

1

# Table of Contents

**PRELIMINARY STATEMENT** ............................................................................................4

**JURISDICTION AND VENUE** ..........................................................................................5

**PARTIES** ..............................................................................................................................6

   A. Plaintiffs ........................................................................................................................6

   B. Defendants ......................................................................................................................7

**FACTUAL BACKGROUND** ...............................................................................................7

   A. Google Profits Enormously from Tracking and Storing Users' Location Data.................7

   B. Google Collected User Location Data Even After a User Opted-Out .............................9

   C. Google Specifically Represented to Users That They Had the Ability to Opt-Out of the Location Data Tracking ...............................................................................................................................10

   D. Google Has a Long History of Poor Protection of User Data ......................................12

   E. Tracking Users' Location Without Permission (and in Contravention of Their Wishes) Violates the FTC Act as a Deceptive Trade Practice .......................................................................................13

**CLASS ALLEGATIONS** ..................................................................................................14

**CLAIMS ALLEGED ON BEHALF OF ALL CLASSES** ...............................................18

   First Claim for Relief ........................................................................................................18

     Violation of California's Unfair Competition Law ("UCL") – Unlawful, Fraudulent, and Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, et seq.)..................................................18

   Second Claim for Relief ....................................................................................................19

     Intrusion Upon Seclusion .............................................................................................19

   Third Claim for Relief .......................................................................................................20

     Violation of California's Constitutional Right to Privacy ............................................20

   Fourth Claim for Relief .....................................................................................................21

     Violation of California's Consumers Legal Remedies Act ("CLRA") – Unfair and Deceptive Acts and Practices (Cal. Civ. Code §§ 1750, et seq.) ...................................................................21

   Fifth Claim for Relief ........................................................................................................22

     Intentional Misrepresentation and Omission ...............................................................22

   Sixth Claim for Relief .......................................................................................................23

     Negligent Misrepresentation and Omission .................................................................23

   Seventh Claim for Relief ...................................................................................................24

     Violations of CIPA (Cal. Pen. Code §§ 630, et seq.) ...................................................24

**CLAIMS ALLEGED ON BEHALF OF THE COLORADO SUB-CLASS ONLY** .............25

   Eighth Claim for Relief .....................................................................................................25

     Violation of Colorado Consumer Protection Act (Colo. Rev. Stat 6-1-101, et seq.) .............25

**CLASS ACTION COMPLAINT**

**PRAYER FOR RELIEF** ................................................................................................................... 27

**JURY TRIAL DEMANDED** ........................................................................................................... 28

**CLASS ACTION COMPLAINT**

Plaintiffs Leslie Lee, Stacy Smedley and Fredrick Davis ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following against Defendants Google, Inc. ("Google") and Alphabet, Inc. ("Alphabet") (collectively, "Defendants"), based on personal knowledge as to Plaintiffs and Plaintiffs' own acts and on information and belief as to all other matters based upon, *inter alia*, the investigation conducted by and through Plaintiffs' undersigned counsel.

## PRELIMINARY STATEMENT

1.      This case involves a deliberate, deceptive practice by Defendants to collect personal information from which they can generate millions of dollars in revenue by covertly recording contemporaneous location data about Android and iPhone mobile phone users who are using Google Maps or other Google applications and functionalities ("Users"), but who have specifically opted out of such tracking.

2.      According to Google's own support page, Users "can turn off Location History at any time. **With Location History off, the places you go are no longer stored**.  When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account."[1]

3.      Despite this clear representation to Users, an Associated Press investigation announced on August 13, 2018 that – as confirmed by a Princeton computer-science researcher – Google surreptitiously tracked Users' locations even when they explicitly opted-out of such tracking ("AP Investigation").[2]

4.      Specifically, if Users only disabled "Location History" in the settings of their Google account and nothing else, Google continued to automatically store time-stamped location and data without obtaining consent from those Users.  Pausing or disabling the "Location History" setting

---

[1] Google, "Manage or delete your Location History."  *Available at* https://support.google.com/accounts/answer/3118687?hl=en (visited Aug. 14, 2018, using Wayback Machine) (all emphasis added and internal citations omitted throughout the Class Action Complaint unless otherwise indicated).

[2] Ryan Nakashima. "AP Exclusive: Google tracks your movements, like it or not."  The Associated Press, Aug. 13, 2018, *available at* https://apnews.com/828aefab64d4411bac257a07c1af0ecb (last visited Oct.18, 2018).

4

**CLASS ACTION COMPLAINT**

only prevented Google from aggregating Users' location data and visualizing that data in a timeline – not from Google tracking and storing Users' valuable location data.

5.      Users who wished to prevent Google from saving their location data had to disable a setting in their account titled "Web and App Activity" – even though Google did not mention location data with regard to this setting and did not provide any disclosure to Users that this setting also allowed their location to be tracked.

6.      Google thus misrepresented how, and to what extent, Users controlled their location data and, by collecting their location data without their consent, invaded their privacy.

7.      Google improperly baited Users into using its applications and functionalities without worrying about their privacy by representing to Users that they could control Google's access to their location data and allowing them to opt out of giving Google their location data, then Google switched Users into allowing it to collect their location data.

8.      While Google subsequently changed its disclosures after the revelations from the AP Investigation, it had already obtained valuable location data from Users without their consent. Google's attempt to paper over its misrepresentations and omissions after its deceptive practice of secretly amassing a considerable amount of profitable data based on deliberate misrepresentations and omissions does not absolve it of liability.

9.      Accordingly, Plaintiffs bring this Class Action on behalf of all persons, described more fully *infra*, whose location data was tracked and stored by Google despite specifically opting out of such tracking.

## JURISDICTION AND VENUE

10.      This court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, there are more than 100 proposed class members, and at least one proposed class member is a citizen of a state from Defendants and is a citizen of a foreign state.  In addition, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**CLASS ACTION COMPLAINT**

11.     Venue is proper under 28 U.S.C. § 1391(c) because Defendants Google and Alphabet are corporations that do business in and are subject to personal jurisdiction in this District.  Venue is also proper because a substantial part of the events or omissions giving rise to the claims in this action occurred in or emanated from this District, including the decisions made by Defendants' governance and management personnel that led to the misrepresentations and invasions of privacy.  Further, Google's terms of service governing Users all over the world provides for venue in the Northern District of California for all claims arising out of Plaintiffs' relationship with Google.

## PARTIES

**A. Plaintiffs**

12.     Plaintiff Leslie Lee is, and at all relevant times was, a citizen of the State of Wyoming who resides in Cheyenne, WY.  Since at least 2013 and continuously to the present, Plaintiff has owned and used an Apple iPhone that has had various Google applications and functionalities downloaded onto the device.  Since 2013, Plaintiff has owned and used an Apple iPhone X, iPhone 8, iPhone 7, iPhone 6, and iPhone 5s.  He currently owns and uses an Apple iPhone X.

13.     While using each of these devices, Plaintiff Lee expressly attempted to limit Google's tracking of his location by managing his Location Tracking and History settings – turning the operating systems' and applications' location tracking and storage buttons to "off."  Nevertheless, and unbeknownst to Plaintiff, Google continued to track his location information and store it.

14.     Plaintiff Stacey Smedley is, and at all relevant times was, a citizen of the State of Colorado who resides in Denver, Colorado.  Between 2016 and the present, she has owned and used an Apple iPhone 6 that has had various Google applications and functionalities downloaded onto the device.

15.     Prior to acquiring the iPhone, Plaintiff Smedley owned and operated an Android mobile phone for approximately four years. Her Android phone, which runs on an operating system developed by Google, has had various Google applications and functionalities downloaded onto the device.

16.     While using each of these devices, Plaintiff Smedley expressly attempted to limit Google's tracking of her location by managing her Location Tracking and History settings – turning

6

the operating systems' and applications' location tracking and storage buttons to "off." Nevertheless, and unbeknownst to Plaintiff Smedley, Google continued to track her location information and store it.

17.     Plaintiff Fredrick Davis is, and at all relevant times was, a citizen of the State of Colorado who resides in Aurora, Colorado. Since at least 2012 and continuously to the present, he has owned and used an Apple iPhone that has had various Google applications and functionalities downloaded onto the device. Since 2012, Plaintiff Davis has owned and used an Apple iPhone 8+, iPhone 6+, and iPhone 5. He currently owns and uses an Apple iPhone 8+.

18.     While using each of these devices, Plaintiff Davis expressly attempted to limit Google's tracking of his location by managing his Location Tracking and History settings – turning the operating systems' and applications' location tracking and storage buttons to "off." Nevertheless, and unbeknownst to Plaintiff Davis, Google continued to track his location information and store it.

**B. Defendants**

19.     Defendant Google, Inc. ("Google") is a Delaware corporation with its principal headquarters in Mountain View, California.

20.     Defendant Alphabet, Inc. ("Alphabet") is a Delaware corporation with its principal headquarters in Mountain View, California.  Alphabet is a public holding company formed in a corporate reorganization by Google.  Through the corporate restructuring, Defendant Google is now a direct, wholly owned subsidiary of Defendant Alphabet.

21.     At all relevant times, Defendants were and are engaged in business in San Mateo County and throughout the world.

## FACTUAL BACKGROUND

**A. Google Profits Enormously from Tracking and Storing Users' Location Data**

22.     Google is the world's largest digital advertising company.[3]  In 2017 alone, Google's advertisement revenue – which depends on its ability to collect personal information about Users – amounted to nearly $95.4 billion.[4]

---

[3] "Google and Facebook tighten grip on US digital ad market."  eMarketer, Sept. 21, 2017, *available at* https://www.emarketer.com/Article/Google-Facebook-Tighten-Grip-on-US-Digital-Ad-Market/1016494

**CLASS ACTION COMPLAINT**

23. Google is also the developer of a mobile phone operating system, Android, and develops applications that are pre-downloaded or can be downloaded on Android and iOS mobile phone devices. Google applications on both Android and iOS devices have the ability to collect valuable personal information about Users.

24. Google has the ability to collect User data actively or passively. Google's active data collection involves a User directly and consciously communicating information to Google, such as signing in to any of its widely used applications, including YouTube, Gmail, Search etc.[5] Google's passive data collection involves using a platform (*e.g.*, Android), an application (*e.g.*, Chrome, Search, YouTube, or Maps), publisher tools (*e.g.*, Google Analytics, AdSense), or advertiser tools (*e.g.*, AdMob, AdWords) to gather information about a User while the platform, application or tool is running, possibly without the User's knowledge.

25. Google can then leverage the personal data it collects from Users for its lucrative marketing and advertising business. Individual location information is thus valuable to Google because of the huge revenues it can generate. As an August 13, 2018 Bloomberg article detailed:

> Google derives significant revenue through advertising, which is bolstered by user-generated data providing information useful to advertisers such as metrics on foot traffic. Google recently reported its advertising business increased 24 percent in the second quarter, pushing Alphabet's total revenue minus partner payouts to $26.24 billion. Google Chief Executive Officer Sundar Pichai said recently that the company is exploring new ways to place promoted content and advertisements into its Map services.[6]

26. Users' location data is valuable to Users as well, not only because of what the data point alone says about an individual (i.e., where he or she is at any particular point in time), but because of the massive amount of personal and private information that can be extracted from the

---

[4] Alphabet, Form 10-K for fiscal year ended December 31, 2017, filed with the Securities Exchange Commission on Feb. 6, 2018, at 28.
[5] Douglas C. Schmidt. "Google Data Collection." Vanderbilt University, Aug. 15, 2018, *available at* https://digitalcontentnext.org/wp-content/uploads/2018/08/DCN-Google-Data-Collection-Paper.pdf.
[6] Emily McCormick. "Google Tracks Location Data Even When Users Turn Service Off, AP Report Finds." Aug. 13, 2018, *available at https://www.bloomberg.com/news/articles/2018-08-13/google-tracks-location-data-even-when-users-turn-service-off-ap.* (last visited Oct. 18, 2018).

**CLASS ACTION COMPLAINT**

location data (such as medical treatment, personal relationships, and private interests).  As Chief

Justice John Roberts observed this summer, "a cell phone – almost a 'feature of human anatomy[]' –

tracks nearly exactly the movements of its owner. . . . A cell phone faithfully follows its owner

beyond public thoroughfares and into private residences, doctor's offices, political headquarters, and

other potentially revealing locales," and when a third-party has access to the information stored on

one's cell phone, that entity "achieves near perfect surveillance, as if it had attached an ankle

monitor to the phone's user."  *Carpenter v. United States*, 138 S. Ct. 2206 at 2218 (2018).

**B. Google Collected User Location Data Even After a User Opted-Out**

27.    The Associated Press announced on August 13, 2018 that its investigation revealed

that Google surreptitiously tracked User location even if Users explicitly opted-out of location

tracking.[7]  The AP Investigation further found that in response to a User pausing or disabling the

"Location History" setting, Google only stopped aggregating Users location data and visualizing it in

a timeline.  Google did not stop automatically tracking and storing time-stamped location data –

without obtaining consent from the User.

28.    In order to prevent Google from saving their location data, Users had to disable a

setting titled "Web and App Activity" – even though Google did not describe the setting as including

location data or disclose that the setting allowed Users' location to be tracked and stored.

29.    Jonathan Mayer, a Princeton computer scientist and former chief technologist for the

FTC's enforcement bureau, confirmed this determination based upon a researcher from his

laboratory's ability to replicate the findings on multiple Android devices.[8]  The Associated Press

also conducted its own tests on several iPhones and found identical behavior.[9]

30.    In addition, a study on Android devices by Vanderbilt University professor Douglas

C. Schmidt, published on August 15, 2018 ("Vanderbilt Study"), independently reached a similarly

troubling conclusion: "[o]ur experiments show that a dormant, stationary Android phone (with

Chrome active in the background) communicated location information to Google 340 times during a

---

[7] Ryan Nakashima. "AP Exclusive: Google tracks your movements, like it or not."  The Associated Press, Aug. 13, 2018, *available at* https://apnews.com/828aefab64d4411bac257a07c1af0ecb (last visited Oct. 18, 2018).
[8] *Id.*
[9] *Id.*

**CLASS ACTION COMPLAINT**

24-hour period, or at an average of 14 data communications per hour. In fact, **location information constituted 35% of all the data samples sent to Google**."[10]  The Vanderbilt Study also concluded that "Android helps Google collect personal user information (e.g. name, mobile phone number, birthdate, zip code, and in many cases, credit card number), activity on the mobile phone (e.g. applications used, websites visited), **and location coordinates**. **In the background, Android frequently sends Google user location** and device-related information, such as apps usage, crash reports, device configuration, backups, and various device-related identifiers."[11]

31.     While the Vanderbilt Study determined that Google received a significant amount of location information passively, it noted that "**[i]t's hard for an Android mobile user to "opt out" of location tracking**. For example, on an Android device, even if a user turns off the Wi-Fi, the device's location is still tracked via its Wi-Fi signal."[12]

**C. Google Specifically Represented to Users That They Had the Ability to Opt-Out of the Location Data Tracking**

32.     On both Android and iOS operating systems, Users can customize the preferences on their devices by "managing" various functionalities, including the option to turn on or off the retention of "Location History" – that is, the User's precise location information as determined through the device's GPS coordinates.

33.     Prior to the AP investigation, Google specifically represented to Plaintiffs and the other Class members in the relevant section of its support page that Users could opt-out of Google's tracking and storage of location data by turning Location History off as follows[13]:

## Turn Location History on or off

You can turn off Location History at any time. With Location History off, the places you go are no longer stored. When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account.

---

[10] Douglas C. Schmidt. "Google Data Collection."  Vanderbilt University, Aug. 15, 2018, *available at* https://digitalcontentnext.org/wp-content/uploads/2018/08/DCN-Google-Data-Collection-Paper.pdf.
[11] *Id.*
[12] *Id.*
[13] Google, "Manage or delete your Location History."  *Available at* https://support.google.com/accounts/answer/3118687?hl=en (visited Aug. 14, 2018, using Wayback Machine).

**CLASS ACTION COMPLAINT**

34.     For Android Users, Google provided the following specific steps required to turn Location History, and thereby location tracking, off:

Turn Location History on/off using device settings (Android 2.3 & up)

1. On your Android phone or tablet, open your device's Settings app ⚙ › **Google** › **Google Account**.
2. At the top, tap **Data & personalization**.
3. Under "Activity controls," tap **Location History**.
4. Turn **Location History** on or off for your account or devices:
   • For your whole account and all devices associated with it, turn **Use Location History** on or off.
   • For a certain device only, turn that device's history on or off.

35.     Nowhere in its support page did Google provide any reference to the critical "Web & App Activity" setting which actually allowed Users to opt-out of location data tracking and collection.

36.     By intentionally and conspicuously failing to refer to this one most critical step that would accomplish Users' goal of stopping Google from tracking and storing their location data, Google affirmatively and misleadingly represented to Users that turning off "Location History" would result in Google ceasing to track, record, and use a User's location information.

37.     Moreover, the title of the difficult-to-locate "Web & App Activity" setting, in and of itself, did not indicate to Users that it controls whether their *location* data is sent to Google.

38.     Google's deception even misled well-known technology publications, who parroted its misrepresentation that turning off "Location History" would prevent Google from collecting Users' location data.[14]

39.     Only after the Associated Press announced its discovery on August 18, 2018 did Google change its support page to imply to Users for the first time that turning off Location History did not prevent Google from obtaining their location data – but it still failed to make any mention of the critical "Web & App Activity" setting[15]:

---

[14] *See, e.g.*, Matt Burgess.  "How to stop Google from tracking you and delete your personal data."  Wired, Mar. 16, 2018, *available at* https://www.wired.co.uk/article/google-history-search-tracking-data-how-to-delete (accessed Oct. 18, 2018).

[15] Google, "Manage or delete your Location History."  *Available at* https://support.google.com/accounts/answer/3118687?hl=en (visited August 18, 2018, using Wayback Machine).

**CLASS ACTION COMPLAINT**

## Turn Location History on or off

You can turn off Location History at the account level at any time.

This setting does not affect other location services on your device, like Google Location Services and Find My Device. Some location data may be saved as part of your activity on other services, like Search and Maps. When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account.

40.     Not until October 5, 2018 – nearly two months after the AP Investigation – did Google finally change its support page to disclose the "Web & App Activity" setting's control of Google's tracking of Users' location data[16]:

If you have other settings like Web & App Activity turned on and you pause Location History or delete location data from Location History, you may still have location data saved in your Google Account as part of your use of other Google sites, apps, and services. For example, location data may be saved as part of activity on Search and Maps when your Web & App Activity setting is on, and included in your photos depending on your camera app settings.

41.     However, this change in disclosure to Users regarding their ability to opt-out of its location data tracking does not insulate Google from liability for having already improperly collected a wealth of valuable location data from Plaintiffs and other members of the Class.

**D. Google Has a Long History of Poor Protection of User Data**

42.     Google has been on notice of deficiencies regarding its policies, processes, and procedures involving the protection of User data since 2010.

43.     As a result of such deficiencies, Google agreed to a proposed settlement in March 2011 which contained a consent decree after the Federal Communications Commission ("FTC") found that Google used deceptive tactics and violated its own privacy promises to consumers when it launched its first social network product, Google Buzz, in 2010.[17]  Under the settlement, the FTC barred Google from misrepresenting the privacy of personal information or the extent to which consumers may exercise control over the collection, use, or exposure of covered personal

---

[16] Google, "Manage or delete your Location History."  *Available at*
https://support.google.com/accounts/answer/3118687?hl=en (visited October 5, 2018, using Wayback Machine).
[17] U.S. FTC. *In the Matter of GOOGLE INC.*, a corporation.  Docket No. C-4436.  *Available at*
https://www.ftc.gov/sites/default/files/documents/cases/2011/10/111024googlebuzzdo.pdf

**CLASS ACTION COMPLAINT**

information.  The FTC also required Google to establish a "comprehensive privacy program that was reasonably designed to: (1) address privacy risks related to the development and management of new and existing products and services for consumers, and (2) protect the privacy and confidentiality of covered information."  Included in this privacy program was the "regular testing or monitoring of the effectiveness of those privacy controls and procedures," which would be audited by an independent third-party professional.[18]

44.    Less than a year after entering into the FTC consent decree, Google violated it – becoming one of the rare companies in the country that has violated a FTC consent decree – and paid a record fine for its circumvention of privacy protections in the web browser Safari.[19]  In discussing the settlement, Jon Leibowitz, Chairman of the FTC, said, "The record setting penalty in this matter sends a clear message to all companies under an FTC privacy order. No matter how big or small, all companies must abide by FTC orders against them and keep their privacy promises to consumers, or they will end up paying many times what it would have cost to comply in the first place."[20]

**E. Tracking Users' Location Without Permission (and in Contravention of Their Wishes) Violates the FTC Act as a Deceptive Trade Practice**

45.    FTC enforcement actions have specifically found that conduct similar to that alleged herein against Defendants is a deceptive trade practice, in violation of § 5 of the FTC Act.

46.    In June 2018, the FTC announced that it had settled charges against a mobile advertising company, InMobi PTE ("InMobi"), for deceptively tracking the locations of hundreds of millions of individuals without their knowledge or consent in order to serve them geo-targeted advertising (i.e., advertisements tailored to individuals based on where they live or places they frequent).[21]

47.    In that action, the FTC alleged that InMobi misleadingly represented that its advertising software would only track consumers' locations if they opted in to being tracked, and in

---

[18] *Id.*
[19] "Google Will Pay $22.5 Million to Settle FTC Charges It Misrepresented Privacy Assurances to Users of Apple's Safari Internet Browser."  FTC, Aug. 9, 2012, *available at* https://www.ftc.gov/news-events/press-releases/2012/08/google-willpay-225-million-settle-ftc-charges-it-misrepresented (last visited Oct. 15, 2018).
[20] *Id.*
[21] U.S. FTC. "Mobile Advertising Network InMobi Settles FTC Charges It Tracked Hundreds of Millions of Consumers' Locations Without Permission."  Jun. 22, 2018, *available at* https://www.ftc.gov/news-events/press-releases/2016/06/mobile-advertising-network-inmobi-settles-ftc-charges-it-tracked.

a manner consistent with their devices' privacy settings.[22]  According to the FTC complaint, InMobi was actually tracking consumers' locations whether or not the applications using InMobi's software asked them for permission to do so, and even where consumers had denied permission to access their location information.[23]

48.    As a result of the FTC enforcement action, InMobi agreed to pay $950,000 in civil penalties and to implement a comprehensive privacy program which included a prohibition against collecting consumers' location information without their affirmative express consent as well as requirements that InMobi honor consumers' location privacy settings and for the program to be independently audited every two years for the next 20 years.[24]  InMobi was further required to delete all of the consumers' location information that it had collected without their consent and was prohibited from further misrepresenting its privacy practices.[25]

## <u>CLASS ALLEGATIONS</u>

49.    Pursuant to Rule 23(b)(2), (b)(3), and (c)(4) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, bring this lawsuit on behalf of themselves and as a class action on behalf of the following Classes and Sub-Classes:

> **Nationwide iPhone Class**: All natural persons who own Apple mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google.

> **Nationwide Android Class**: All natural persons who own Android mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google.

> **Colorado Sub-Class**: All natural persons residing in Colorado who own Apple or Android mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google.

50.    Excluded from the Classes and Sub-Classes are Defendants and any entities in which Defendants or their subsidiaries or affiliates have a controlling interest, as well as Defendants' officers, agents, and employees.  Also excluded from the Classes and Sub-Class are the judge assigned to this action, members of the judge's staff, and any member of the judge's immediate

---

[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*

**CLASS ACTION COMPLAINT**

family. Plaintiffs reserve the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that any definitions should be expanded or otherwise modified.

**Numerosity**: The members of each Class and Sub-Class are so numerous that joinder of all members of every Class and Sub-Class would be impracticable. Plaintiffs reasonably believe that Class and Sub-Class members number hundreds of thousands of people or more in the aggregate and well over 1,000 in the smallest of the classes or sub-class. The names and addresses of Class and Sub-Class members are identifiable through documents maintained by Defendants.

**Commonality and Predominance**: This action involves common questions of law or fact, which predominate over any questions affecting individual Class and Sub-Class members, including:

a.      Whether Defendants represented that Google would not record and use location information from Plaintiffs and Class members if they turned off Location History;

b.      Whether Google's alleged conduct amounts to the use of an electronic tracking device to determine the location or movement of a person, in violation of Cal. Pen. Code § 637.7;

c.      Whether the Android and iPhone mobile phones which contained the technology utilized by Google are "electronic tracking devices" under Cal. Pen. 6 Code § 637.7(d);

d.      Whether Defendants' conduct was an unlawful or unfair business practice under Cal. Bus. & Prof. Code § 17200, *et seq.*;

e.      Whether Defendants' conduct violated the Colorado Consumer Protection Act, Colo. Rev. Stat. 6-1-101, *et seq.*;

f.      Whether Google's alleged conduct amounts to egregious breaches of social norms;

g.      Whether Google acted intentionally in violating the privacy rights of Plaintiffs and Class members;

51.      Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs individually and on behalf of the members of the Classes and Sub-Class. Similar or identical statutory and common law violations, business practices, and injuries

are involved.  Individual questions, if any, pale by comparison, in both quantity and quality, to the numerous common questions that dominate this action.

52.     As further indication of the common questions of law, Google's terms of service provides that "you agree that the laws of California, U.S.A., excluding California's choice of law rules, will apply to any disputes arising out of or relating to these terms or the Services."

**Typicality**: Plaintiffs' claims are typical of the claims of the other members of their respective classes because, among other things, Plaintiffs and Class and Sub-Class members were injured through the substantially uniform misconduct by Defendants.  Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all other Class and Sub-Class members, and there are no defenses that are unique to Plaintiffs.  The claims of Plaintiffs and those of other Class and Sub-Class members arise from the same operative facts and are based on the same legal theories.

**Adequacy of Representation**: Plaintiffs are adequate representatives of the Class and Sub-Classes because their interests do not conflict with the interests of the other Class and Sub-Class members they seek to represent; they have retained counsel competent and experienced in complex class action litigation; and they will prosecute this action vigorously. Class and Sub-Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

**Superiority**: A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this matter as a class action.  The damages, harm, or other financial detriment suffered individually by Plaintiffs and the other Class and Sub-Class members are relatively small compared to the burden and expense that would be required to litigate their claims on an individual basis against Defendants, making it impracticable for Class and Sub-Class members to individually seek redress for Defendants' wrongful conduct.  Even if Class and Sub-Class members could afford individual litigation, the court system could not.  Individualized litigation would create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and

16

provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

53.     Further, Defendants have acted or refused to act on grounds generally applicable to the Class and Sub-Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the members of the Classes and Sub-Class as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

54.     Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.  Such particular issues include, but are not limited to:

a.     Whether Defendants represented that Google would not record and use location information from Plaintiffs and the other Class members if they turned off Location History;

b.     Whether Google's alleged conduct amounts to the use of an electronic tracking device to determine the location or movement of a person, in violation of Cal. Pen. Code § 637.7;

c.     Whether the Android and iPhone mobile phones which contained the technology utilized by Google are "electronic tracking devices" under Cal. Pen. 6 Code § 637.7(d);

d.     Whether Defendants' conduct was an unlawful or unfair business practice under Cal. Bus. & Prof. Code § 17200, et seq.;

e.     Whether Defendants' conduct violated the Colorado Consumer Protection Act, Colo. Rev. Stat. 6-1-101, et seq.;

f.     Whether Google's alleged conduct amounts to egregious breaches of social norms;

g.     Whether Google acted intentionally in violating the privacy rights of Plaintiffs and Class members.

**CLASS ACTION COMPLAINT**

## CLAIMS ALLEGED ON BEHALF OF ALL CLASSES

### First Claim for Relief
**Violation of California's Unfair Competition Law ("UCL") –
Unlawful, Fraudulent, and Unfair Business Practices
(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

55.     Plaintiffs hereby repeat, reallege, and incorporate by reference each and every allegation contained above as though the same were fully set forth herein.

56.     Google's terms of service provide that "you agree that the laws of California, U.S.A., excluding California's choice of law rules, will apply to any disputes arising out of or relating to these terms or the Services."

57.     By committing the acts and practices alleged herein, Defendants engaged in unlawful, fraudulent, and unfair business practices in violation of California's UCL:

a.     Unlawful Conduct: As a result of engaging in the conduct alleged herein, Defendants violated the UCL's proscription against engaging in unlawful conduct by virtue of: (i) their fraudulent and deceitful conduct in violation of California Civil Code §§ 1709 through 1711; (ii) their violations of the Consumers Legal Remedies Act, California Civil Code §§ 1770(a)(5), (a)(7), and (a)(9); (iii) their violation of the terms of the 2011 Consent Decree with the FTC; and (iv) their violation of Cal. Penal Code § 630, *et. seq.*

b.     Fraudulent Conduct: Defendants violated the UCL's proscription against fraud as a result of engaging in the fraudulent and deceitful conduct herein.

c.     Unfair Conduct: Defendants violated the UCL's proscription against unfair conduct as a result of engaging in the conduct alleged herein, which violates legislatively-declared policies articulated in, *inter alia*, California Civil Code §§ 1710, 1711, and 1770, subsections (a)(5), (a)(7), and (a)(9), and Cal. Penal Code § 630

58.     Defendants' violations of the UCL continue to this day. As a direct and proximate result of Defendants' violations of the UCL, Plaintiffs have suffered actual damage, *inter alia*, as detailed herein.

59.     Pursuant to § 17203 of the UCL, Plaintiffs and the other Class members seek an order that requires Defendants: (a) to modify Google's operating system and all applications in a manner

**CLASS ACTION COMPLAINT**

that prevents location tracking absent affirmative user consent; (b) to modify Google's operating system and all applications in a manner that truthfully advises users of location tracking; (c) to make full restitution of all moneys wrongfully obtained from their violations of the UCL, as alleged herein; and (d) to pay the attorney fees and costs incurred by counsel for Plaintiffs and the proposed class in accordance with California Code of Civil Procedure § 1021.5.

<u>**Second Claim for Relief**</u>
**Intrusion Upon Seclusion**

60.     Plaintiffs hereby repeat, reallege, and incorporate by reference each and every allegation contained above as though the same were fully set forth herein.

61.     Plaintiffs and the other Class members have reasonable expectations of privacy in their mobile devices and their online behavior, generally. Plaintiffs' and the other Class members' private affairs include their locations.

62.     The reasonableness of such expectations of privacy is supported by Defendants' unique position to monitor Plaintiffs' and the other Class members' behavior through Google's access to their private mobile devices. It is further supported by the surreptitious and non-intuitive nature of Defendants' tracking.

63.     Defendants intentionally intruded on and into Plaintiffs' and the other Class members' solitude, seclusion, or private affairs by intentionally geolocating them.

64.     These intrusions are highly offensive to a reasonable person.  This is evidenced by, *inter alia*, Supreme Court precedent (most recently and forcefully articulated in the *Carpenter* opinion), legislation enacted by Congress, rules promulgated and enforcement actions undertaken by the FTC, and countless studies, op-eds, and articles decrying location tracking. Moreover, Defendants engaged in true tracking of location history deceptively and in direct contradiction of the express instructions of Plaintiffs and the other Class members. Also supporting the highly offensive nature of Defendants' conduct is the fact that their principal goal was to surreptitiously monitor Plaintiffs and the other Class members and to allow third-parties to do the same.

65.     Plaintiffs and the other Class members were harmed by the intrusion into their private affairs as detailed herein.

**CLASS ACTION COMPLAINT**

66.     Defendants' actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiffs and the other Class members.

67.     As a result of Defendants' actions, Plaintiffs and the other Class members seek damages and punitive damages in an amount to be determined at trial.  They seek punitive damages because Defendants' actions – which were malicious, oppressive, and willful – were calculated to injure Plaintiffs and the other Class members and made in conscious disregard of their rights. Punitive damages are warranted to deter Defendants from engaging in future misconduct.

### Third Claim for Relief
### Violation of California's Constitutional Right to Privacy

68.     Plaintiffs hereby repeat, reallege, and incorporate by reference each and every allegation contained above as though the same were fully set forth herein.

69.     Google's terms of service provide that "you agree that the laws of California, U.S.A., excluding California's choice of law rules, will apply to any disputes arising out of or relating to these terms or the Services."

70.     Plaintiffs and the other Class members have reasonable expectations of privacy in their mobile devices and their online behavior, generally. Their private affairs include their behavior on their mobile devices as well as any other behavior that may be monitored by the surreptitious tracking employed or otherwise enabled by location tracking.

71.     Defendants intentionally intruded on and into Plaintiffs' and the other Class members' solitude, seclusion, right of privacy, or private affairs by intentionally tracking their location.

72.     These intrusions are highly offensive to a reasonable person because they disclosed sensitive and confidential location information, constituting an egregious breach of social norms. This is evidenced by, *inter alia*, Supreme Court precedent (most recently and forcefully articulated in the *Carpenter* opinion), legislation enacted by Congress, rules promulgated and enforcement actions undertaken by the FTC, and countless studies, op-eds, and articles decrying location tracking. Further, the extent of the intrusion cannot be fully known, as the nature of privacy invasion involves sharing

**CLASS ACTION COMPLAINT**

Plaintiffs' and the other Class members' location information with potentially countless third-parties, known and unknown, for undisclosed and potentially unknowable purposes, in perpetuity.

73. Plaintiffs and the other Class members were harmed by the intrusion into their private affairs as detailed herein.

74. Defendants' actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiffs and the other Class members.

75. As a result of Defendants' actions, Plaintiffs and the other Class members seek damages and punitive damages in an amount to be determined at trial. They seek punitive damages because Defendants' actions which were malicious, oppressive, and willful were calculated to injure Plaintiffs and the other Class members and made in conscious disregard of their rights. Punitive damages are warranted to deter Defendants from engaging in future misconduct.

**Fourth Claim for Relief**
**Violation of California's Consumers Legal Remedies Act ("CLRA") –**
**Unfair and Deceptive Acts and Practices**
**(Cal. Civ. Code §§ 1750, *et seq.*)**

76. Plaintiffs hereby repeat, reallege, and incorporate by reference each and every allegation contained above as though the same were fully set forth herein.

77. Google's terms of service provide that "you agree that the laws of California, U.S.A., excluding California's choice of law rules, will apply to any disputes arising out of or relating to these terms or the Services."

78. This claim for relief is brought pursuant to the CLRA. Plaintiffs and the other class members are "consumers," as that term is defined by Civil Code §1761(d), because they used their cellular telephones for personal, family, or household purposes.

79. Plaintiffs and the other Class members have engaged in a "transaction" with Google, as that term is defined by Civil Code §1761(e).

80. The conduct alleged herein constitutes unfair methods of competition and unfair and deceptive acts and practices for the purposes of the CLRA, and were undertaken by Defendants in transactions intended to result in, and did result in, the sale of goods to consumers; namely, the purchase of their cellular telephone or cellular telephones containing Google's operating system or

**CLASS ACTION COMPLAINT**

installation of Google applications onto their cellular telephones.

81.     By engaging in the conduct described herein, Defendants violated subdivisions (a)(5), (a)(7), and (a)(9) of California Civil Code §1770 by, *inter alia*, misrepresenting and concealing the true nature of Google's Android operating system and applications.

82.     By concealing the true nature and function of Google's operating system and applications from Plaintiffs and the other Class members, Defendants represented, and continues to represent, that the operating system and applications have characteristics, uses and benefits, or qualities that they do not have, and that they are of a particular standard, quality, or grade, when they are not, in violation of California Civil Code §1770, subsections (a)(5) and (a)(7).

83.     By engaging in the conduct alleged herein, Defendants also advertised, and continues to advertise, goods with the intent not to sell them as advertised, in violation of California Civil Code §1770(a)(9).

84.     Plaintiffs now seek an order requiring Defendants to: (a) cease violating the CLRA by use of Google's operating system and applications that secretly monitor the location of Users without consent; and (b) to provide Users of Google's operating system and applications with notice of what improper data collection has taken place.

85.     Unless Defendants agree to correct, repair, replace, or otherwise rectify the problems created by their conduct as alleged herein, Plaintiffs will amend this Class Action Complaint to seek an order awarding actual damages and, because Defendants engaged in the conduct alleged herein deliberately and with willful and malicious intent, punitive damages.

## Fifth Claim for Relief
### Intentional Misrepresentation and Omission

86.     Plaintiffs hereby repeat, reallege, and incorporate by reference each and every allegation contained above as though the same were fully set forth herein.

87.     Defendants, through Google and its agents, employees and/or subsidiaries, made materially false representations and omissions to Plaintiffs and the Class that Google's operating system and applications did not secretly collect information against Users explicit wishes.

88.     These material misrepresentations and omissions were contained in the Purchase

**CLASS ACTION COMPLAINT**

Agreements, Instructions, Terms and Conditions, in the Google's operating system itself, and various public statements by Defendants.

89.     Defendants knew or recklessly disregarded the false and misleading nature of their material misrepresentations and omissions.

90.     Defendants made the materially false and misleading statements and omissions for the purpose of inducing Plaintiffs and the other members of the Class to install and use their operating system and applications.

91.     In purchasing and using Google's operating system and applications, Plaintiffs and the other Class members reasonably relied on Defendants' materially misleading statements and omissions that Users' locations would not be monitored contrary to their explicit wishes.

92.     As a result of Defendants' materially false and misleading representations and omissions, Plaintiffs and the other Class members sustained damages as set forth herein.

## Sixth Claim for Relief
### Negligent Misrepresentation and Omission

93.     Plaintiffs hereby repeat, reallege, and incorporate by reference each and every allegation contained above as though the same were fully set forth herein.

94.     Defendants, through their agents, employees and/or subsidiaries, negligently and/or recklessly made materially false representations and omissions to Plaintiffs and the other Class members as alleged above.

95.     These material misrepresentations and omissions were contained in the Purchase Agreement, Instructions, Terms and Conditions and in various public statements by Defendants.

96.     Defendants knew or should have known that the materially false and misleading statements and omissions would induce Plaintiff and the other Class members to accept Google's operating system and applications for their phones.

97.     In purchasing Google's operating system and applications, Plaintiffs and the other Class members reasonably relied on Google's materially misleading statements and omissions that their location would not be monitored contrary to their explicit wishes.

98.     As a result of Google's materially false and misleading representations and

**CLASS ACTION COMPLAINT**

omissions, Plaintiffs and the other Class members sustained damage as set forth herein.

### Seventh Claim for Relief
### Violations of CIPA
### (Cal. Pen. Code §§ 630, *et seq.*)

99.     Plaintiffs hereby repeat, reallege, and incorporate by reference each and every allegation contained above as though the same were fully set forth herein.

100.     Google's terms of service provide that "you agree that the laws of California, U.S.A., excluding California's choice of law rules, will apply to any disputes arising out of or relating to these terms or the Services."

101.     Cal. Pen. Code § 630 provides that "[t]he Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communication and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."

102.     Defendants' acts and practices complained of herein, engaged in for purposes of acquiring and using the geolocation of Plaintiffs and the other Class members, without their consent – and indeed in direct contravention of instructions they clearly expressed by turning off the Location History function – violated and continues to violate Cal. Pen. Code § 637.7.

103.     Cal. Pen. Code § 637.7 prohibits the use of an electronic tracking device to determine the location or movement of a person.

104.     In direct violation of this prohibition and without the consent of Plaintiffs or the other Class members – and indeed in direct contravention of their clearly-expressed wishes – Defendants continued to record, store, and use their location information after they disabled the Location History feature on their devices.

105.     As described herein, Defendants utilized multiple devices that are "electronic tracking devices" under Cal. Pen. Code § 637.7(d) in that Google employs and embeds a host of technology – including but not limited to applications, firmware, device components, operating system software,

**CLASS ACTION COMPLAINT**

and other code – on each Class member's phone (a "movable thing" under the statute), and this technology "reveals its location or movement by the transmission of electronic signals."

106.    As a result of Defendants' violations of Cal. Pen. Code § 637.7, and pursuant to Cal. Pen. Code § 637.2, Plaintiffs and the other Class members are entitled to the following relief:

> a.      A declaration that Defendants conduct violates CIPA;

> b.      Statutory damages and/or trebled actual damages;

> c.      Injunctive relief in the form of, *inter alia*, an order enjoining Defendants from geolocating Class members in violation of CIPA;

> d.      Injunctive relief in the form of, *inter alia*, an order requiring Defendants to destroy all data created or otherwise obtained from its illegal geolocation of Class members; and;

> e.      An award of attorney's fees and costs of litigation as provided by CIPA, the private attorney general doctrine existing at common law and codified at California Civil Code § 1021.5, and all other applicable laws.

## CLAIMS ALLEGED ON BEHALF OF THE COLORADO SUB-CLASS ONLY

### Eighth Claim for Relief
### Violation of Colorado Consumer Protection Act
### (Colo. Rev. Stat 6-1-101, et seq.)

107.    Plaintiff Smedley and Davis ("Colorado Plaintiffs") hereby repeat, reallege, and incorporate by reference each and every allegation contained above as though the same were fully set forth herein.

108.    Colorado Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Colorado Sub-Class who are all Colorado residents.

109.    Defendants are a "person" as defined by Colo. Rev. Stat. § 6-1-102(6). Colorado Plaintiffs and Colorado Sub-Class Members are actual or potential consumers of the products and services offered by the Defendants.

110.    Defendants operating in Colorado, engaged in deceptive, unfair, and unlawful trade acts or practices in the course of their business, vocation or occupation, in violation of Colo. Rev. Stat. § 6-1- 105, including but not limited to the following:

        a.    Knowingly misrepresenting and fraudulently advertising material facts pertaining to their products and services to the Colorado Sub-Class by representing and advertising that they would allow Colorado Plaintiffs and the other Colorado Sub-Class members to prevent Google's tracking of Users' geolocations in violation of Colo. Rev. Stat. §§ 6-1-105(e), (g), (i), and (u); and

        b.    Knowingly omitting, suppressing, and concealing the material fact that the activation of certain settings would not prevent the tracking of Users' geolocations (intending to induce others to enter into a transaction), in violation of Colo. Rev. Stat. §§ 6-1-105(e), (g), (i), and (u);

111.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers about the ability to prevent Google's tracking of Users' geolocations.

112.    Defendants intended to mislead Colorado Plaintiffs and the other Colorado Sub-Class members and induce them to rely on Defendants' misrepresentations and omissions.

113.    Had Colorado Plaintiffs and the other Colorado Sub-Class members known that the activation of certain settings would not actually prevent the tracking of Users' geolocations, they would not have used, or would have limited their use of, Google's operating systems and/or applications.

114.    Defendants engaged in the above unfair and deceptive acts or practices in the course of their business.

115.    Defendants engaged in above unfair and deceptive acts or practices with malice and/or willfulness.

116.    As a direct and proximate result of Defendants unfair and deceptive practices, Colorado Sub-Class members suffered injuries to legally protected interests, including their legally protected interest in the confidentiality and privacy of their personal information.

117.    The above unfair and deceptive practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Colorado Plaintiffs and Colorado Sub-Class members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

118.    Defendants knew or should have known that their misrepresentations and omissions would deceive Users.  Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Colorado Sub-Class members.

119.    Colorado Plaintiffs and other Colorado Sub-Class members seek relief under Colo. Rev. Stat. §§ 6-1-101, et seq., including, but not limited to, compensatory damages, statutory damages, restitution, penalties, injunctive relief, and/or attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other Class and Sub-Class members, respectfully request that this Court enter an Order:

A.    Certifying the Classes and the Colorado Sub-Class, and appointing Plaintiffs as Class Representatives and Colorado Plaintiffs as the Colorado Sub-Class Representative;

B.    For an award of monetary damages, including but not limited to, compensatory, incidental and consequential damages commensurate with proof at trial for the acts complained of herein;

C.    For an award of punitive damages in an amount consistent with applicable statutes and precedent for those causes of action that permit such recovery;

D.    For an order pursuant to California Civil Code § 1780(a)(2) requiring Defendants to: (a) provide Users of Google's operating system and applications with notice of its location monitoring activities; (b) modify Google's operating system and applications in a manner that prevents unauthorized monitoring of location and other activities;

E.    For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

F.    Appropriate declaratory relief against Google;

27

G.      Injunctive relief in the form of, *inter alia*, an order enjoining Google from continuing its practice of recording and using Plaintiffs' and the other Class members' location information against their wishes and in violation of CIPA;

H.      Injunctive relief related to CIPA in the form of, *inter alia*, an order requiring Google to destroy all data acquired, created, or otherwise obtained from the unlawful recording and use of the location information of Plaintiffs and the other Class members;

I.      An award of damages pursuant to Cal. Pen. Code § 637.2;

J.      For an award of attorney fees, where applicable;

K.      For an award of costs;

L.      For an award of pre- and post-judgment interest on any amounts awarded; and,

M.      For any and all other relief the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury of all claims in this Class Action Complaint so triable.

DATED:  October 19, 2018

Respectfully submitted,

*/s/ Ivy T. Ngo*

Ivy T. Ngo (249860)
Franklin D. Azar & Associates, P.C.
14426 E. Evans Avenue
Aurora, CO  80014
Telephone: 303-757-3300
Facsimile:  720-213-5131
Email:      ngoi@fdazar.com
*Counsel for Plaintiffs*

**CLASS ACTION COMPLAINT**